**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Philadelphia, PA _____

Address of Defendant: _____ 1401 JFK Blvd., Suite 1530 Philadelphia, PA 19102 _____

Place of Accident, Incident or Transaction: _____ Philadelphia _____

---

**RELATED CASE, IF ANY:**

Case Number: __23-cv-00427__   Judge: Honorable Nitza I. Quinones Alejandro   Date Terminated: **Pending**

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?　　Yes ☐　No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?　　Yes ☑　No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?　　Yes ☐　No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?　　Yes ☐　No ☑

I certify that, to my knowledge, the within case ☑ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __1/26/2024__　　_____Must sign here_____　　__57026__
　　　　　　　　　　　*Attorney-at-Law / Pro Se Plaintiff*　　*Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
　　　*(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
　　　*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Olugbenga O. Abiona, Esquire__, counsel of record *or pro se plaintiff*, do hereby certify:

- ☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: __1/26/2024__　　_____Sign here if applicable_____　　__57026__
　　　　　　　　　　　*Attorney-at-Law / Pro Se Plaintiff*　　*Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Lauren Yvette Tucker

**DEFENDANTS**

City of Philadelphia and  Rakeisha Steveson

**(b)** County of Residence of First Listed Plaintiff   **Philkadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Olugbenga O. Abiona, Esquire, 215-833-8227
P.O. Box 3326, Cherry Hill, NJ 08034

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government  Plaintiff | ☒ 3  Federal Question  *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government  Defendant | ☐ 4  Diversity  *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                 *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place  of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place  of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a  Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure  of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Act | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1  Original  Proceeding | ☐ 2  Removed from  State Court | ☐ 3  Remanded from  Appellate Court | ☐ 4  Reinstated or  Reopened | ☐ 5  Transferred from  Another District  *(specify)* | ☐ 6  Multidistrict  Litigation -  Transfer | ☐ 8  Multidistrict  Litigation -  Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII, ADEA, and Section 1983 of the Civil Rights Act
Brief description of cause:
Retaliatory actions as a result of Plaintiff engaging in protected activities.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE   Honorable Nitza I. Quinones Alejandro

DOCKET NUMBER   23-cv-00427

DATE
01/26/2024

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #                AMOUNT                APPLYING IFP                JUDGE                MAG. JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---------------------------------

|  |  |
|---|---|
| LAUREN YVETTE TUCKER | : CIVIL ACTION No. |
| Plaintiff, | : |
| vs. | : |
|  | : |
| CITY OF PHILADELPHIA and | : |
| RAKEISHA STEVESON | : |
| Defendants | : |

---

### COMPLAINT AND JURY DEMAND

### INTRODUCTION

1.      Plaintiff, Lauren Yvette Tucker, in the above captioned matter, claims a sum in excess of One Hundred Thousand Dollars ($100,000.00) in damages and upon her causes of action, avers as follows:

2.      This action for monetary damages and other appropriate relief is brought by Plaintiff to redress violations by Defendant, City of Philadelphia (hereinafter "City"), of rights secured to Plaintiff by the laws of the United States of America.

3.      This action arises under the Civil Rights Act 42 U.S.C. 2000e et seq, (Title VII), and the Age Discrimination in Employment Act, which prohibit retaliation by employers against employees who engage in protected activities under these statutes and is brought by Plaintiff to improper, unlawful, willful, and deliberate retaliatory actions by Defendant in violation of these statutes.

4.      This action also arises under the Civil Rights Act 42 USC §1981, which is asserted against the individual defendant Rakeisha Steveson, in her individual capacity only, and through

1

Civil Rights Act 42 USC §1983, because she was acting under color of state law when she engaged in these unlawful conducts.

## II.   **JURISDICTION AND VENUE**

5.     The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, which provide for the original jurisdiction of Plaintiff's claims arising under the laws of the United States of America.

6.     Plaintiff exhausted her administrative remedies for retaliation claims against the City under Title VII and ADEA before bringing these claims to Court. On December 7, 2023, Plaintiff received her right to sue letter from the EEOC to take her retaliation claims to court. See attached Exhibit A.  The venue of this Court is proper pursuant to the dictates of Title 28 U.S.C. §1391 (c).

## III.   **PARTIES**

7.     Plaintiff, Lauren Yvette Tucker, is a citizen of the United States and the Commonwealth of Pennsylvania, who currently resides in Philadelphia, Pennsylvania.

8.     Defendant, City of Philadelphia ("City"), is a municipality in the Commonwealth of Pennsylvania, with its offices located at Municipal Services Building, 1401 JFK Blvd., Suite 1530, Philadelphia, PA 19102.

9.     Defendant Rakeisha Stevenson is an individual, who currently resides in the City of Philadelphia, Pennsylvania, and at all times relevant to this action was Plaintiff's supervisor and was acting under color of state law.

## IV.   **BRIEF STATEMENT OF FACTS**

10.     Plaintiff is a black, African American female and is 56 years old.

11.     Plaintiff has been employed with the City's Office of Homeless Services since June 12, 2006.

12.     On or about February 14, 2022, a job posting for the position of Director of Food Services was sent by the City to all staff members.

13.     On February 22, 2022, Plaintiff submitted an application and her resume for the Director of Food Services position.

14.     On or about March 14, 2022, Plaintiff spoke with Dave Holloman, and he informed Plaintiff that she "did not make the cut" and would not be getting the Director position.

15.     On or about March 15, 2022, Plaintiff discovered an online announcement by Temple University that was posted **on January 27, 2022**, congratulating Amara O'Connell on being promoted to the position of Director of Food Services for OHS.

16.     In or about March 2022, Plaintiff filed an internal complaint of race and age motivated failure to promote her with the City's Human Resources.

17.     On or about April 28, 2022, Plaintiff filed an EEOC Charge of race and age discrimination against the City.

18.     On February 2, 2023, Plaintiff filed a civil action against the City with this Court.

19.     Ever since Plaintiff engaged in the above protected activities under the applicable statutes, Plaintiff has been subjected to retaliatory actions by the City.

20.     On or about December 24, 2022, Plaintiff severely dislocated and broke her ankle in two

21.     On December 30, 2022, while Plaintiff was out on FMLA an email from Ms. Robinson to Ms. Steveson was sent regarding rejected APRs and APRs that were coming due.  These APRs should have been handled by someone in the office in Plaintiff's absence.

22.     On January 9, 2023, Plaintiff had surgery that included having a steel plate inserted on the right side of her ankle and rods that go through the bone on the other side.

23.     Plaintiff returned to work from FMLA and worked remotely starting on February 15, 2023.

24.     When Plaintiff returned to work on February 15, 2023, she received no meeting with her supervisor to discuss what was due or what had been done in Plaintiff's absence; no welcome back, no nothing.

25.     So,  Plaintiff worked on addressing emails and getting caught up with other administrative responsibilities. But Plaintiff was faced with animosities and antagonistic conduct from her supervisors, which she never had before she engaged in the above stated protected activities under the Civil Rights Act.

26.     Plaintiff was subjected to severe retaliatory harassment by her supervisors, Rakeisha Stevenson, Daiquiri Robinson, Director of Long-Term Housing and Roberta Cancelier, Deputy Director, which included unjustifiable demands where Plaintiff was assigned additional job duties of analysts that left the department, unattainable deadlines, threats of disciplinary actions, and verbal threats of job stability.

27.     On February 28, 2023, Plaintiff's daughter had emergency surgery to remove her daughter that had died in her womb. Plaintiff had taken a couple of days off to support her daughter who had lost a baby. Plaintiff's supervisor, Ms. Stevenson was informed about these events.

28.     But, while Plaintiff was out on leave to support her daughter who had lost a baby, Ms. Steveson called Plaintiff to tell Plaintiff that Plaintiff had missed the deadline to submit an APR and Plaintiff was in trouble and she told Plaintiff, "Roberta wants you written up because she is

tired of APR's being late". This was also a harassment of the Plaintiff while she was out on leave, supporting her daughter who lost a baby, and Plaintiff should not be receiving this type of communication from her supervisor while off duty.

29.     Yet, there were employees who had not submitted their APR report for months but were not threatened with being written up.

30.     On March 1, 2023, Plaintiff contacted Angela Foreman for assistance on Plaintiff's APR that was late, and Ms. Foreman stated, "APRs are late all the time, and nothing is done. If they write you up fight it".

31.     In April 2023, two analysts, Christina and Natasha left OHS.

32.     LaShan and Plaintiff were the only two analysts left.  Plaintiff and LaShan were told by Ms. Steveson that the analysts' caseloads were now their responsibilities, and it would remain so until the City hires the replacement analysts for these vacant positions.

33.     For over seven months thereafter, Plaintiff and LaShan were held responsible for the job duties of these two vacant Analyst positions and Defendant has yet to hire replacement analyst but overloading Plaintiff with overwhelming additional job duties.

34.     In or about May 2023, Plaintiff had to do a complaint line and she checked in to the line on time, however, a supervisor, Towana Conway, started harassing Plaintiff that she did not check in to the line, which was false.

35.     Also, in or about June 2023, when Plaintiff was out for the funeral of a friend on approved leave, Plaintiff was called by Ms. Stevenson while Plaintiff was in the funeral home, about not answering the comment line that day and she threatened Plaintiff with a write up. Yet, Ms. Steveson knew Plaintiff was out on approved leave.

36.     Ms. Steveson also told Plaintiff that Plaintiff's position must be justified and threatened Plaintiff that her employment will be terminated.

37.     Plaintiff was subjected to retaliatory treatment and given an unmanageable workload, unclear communication from her managers, lack of manager support and unreasonable timeframes for her job duties by Defendants.

38.     In or about July 2023, because of the persistent retaliatory harassment, Plaintiff went on leave due to stress.  Upon returning from leave,  Plaintiff had a one-on-one meeting with Ms. Stevenson, where she wrote Plaintiff up based on false allegations, and Ms. Steveson sent this write up to Defendant's Human Resources and threatened Plaintiff with discipline.

39.     From in or about August 2023, Ms. Steveson continued to subject Plaintiff to retaliatory excessive monitoring, asking Plaintiff to submit a daily log of what Plaintiff did on an hourly basis, but no one else in the department had to do that. Plaintiff was told by Ms. Steveson that she needed to account for each day by completing a daily log email.

40.     In or about August 11, 2023, Plaintiff requested administrative leave from Defendant, but was denied.

41.     Ms. Steveson was aware of Plaintiff's internal complaint of race and age discrimination with the City's Human Resources in March 2022, and Plaintiff's EEOC complaint filed in April 2022, because she discussed them with Plaintiff.

42.     Plaintiff was out of work on approved leave of absence as a result of the retaliatory harassment and retaliatory actions by Defendants for stress and depression since on or about October 2023, until she was constructively terminated on her employment on January 25, 2024. Plaintiff resigned her employment with the City on January 25, 2024, because of the retaliatory

harassment and hostile work environment by Defendants which was affecting and was detrimental to her health. See Exhibit B attached and incorporated by reference hereto.

## V.    STATEMENT OF CLAIM
### COUNT ONE –  Title VII VIOLATIONS –RETALIATION
#### Plaintiff v. City of Philadelphia only

43.    Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 42 as if the same were fully set forth at length herein.

44.    The acts and conducts of Defendant City of Philadelphia through its respective agents, officers, employees, and officials as stated above where Plaintiff was subjected retaliatory actions, retaliatory harassment and constructive termination of her employment were violations of Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq.

45.    As a direct result of the said retaliatory practices of the Defendant in violation of Title VII, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damage to reputation.

### COUNT TWO –ADEA VIOLATIONS-RETALIATION
#### Plaintiff v. City of Philadelphia only

46.    Plaintiff incorporates by reference all allegations alleged in paragraphs one 1 through 45 as if same were fully set forth at length herein.

47.    The acts and conducts of the Defendant City of Philadelphia, through its agents, officers, and employees as stated above where Plaintiff was subjected retaliatory actions, retaliatory harassment and constructive termination were violations of the Age

Discrimination in Employment Act.

48.   As a direct result of said retaliatory practices of the Defendant, Plaintiff has sustained

loss of wages and earnings, loss of benefits, loss of future earning power, loss of back

pay, front pay, interest due therein as well as mental anguish, emotional distress,

humiliation, and damages to reputation.

## COUNT THREE- 42 U.S.C. §1981 VIOLATION AS ENFORCEABLE BY WAY OF §1983
### Plaintiff v. City of Philadelphia

49.   Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 48

above as though fully set forth herein.

50.   The acts and conduct of the City of Philadelphia as stated above where Plaintiff was

subjected to numerous adverse actions, including retaliatory harassment and hostile work

environment, retaliatory disciplines, and retaliatory constructive termination by the City

of Philadelphia, through its officers, managers, and supervisory officials after Plaintiff

complained and or opposing race discrimination by the City's officials were violations of

the Civil Rights Act, 42 U.S.C. §1981.

51.   As a direct and proximate result of the said retaliatory practices of the City of

Philadelphia, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of

future earning power, loss of back pay, front pay, interest due therein as well as mental

anguish, emotional distress, humiliation, and damages to reputation.

### COUNT FOUR –Section 1981 VIOLATIONS-Retaliation
### Plaintiff v. Defendant Steveson

52.   Plaintiff incorporates by reference all allegations alleged in paragraphs one 1 through 51

as if same were fully set forth at length herein.

53.   The acts and conducts of the Defendant Steveson as stated above where Plaintiff was

8

subjected to retaliatory actions, retaliatory harassment and hostile work environment, and retaliatory constructive termination of her employment because she engaged in protected activities were violations of the Civil Rights Act 42 USC §1981.

54.    Plaintiff is asserting her Section 1981 claims against this individual defendant via Section 1983 of the Civil Rights Act, as Defendants Steveson was acting under color of state law when she engaged in this violation of Plaintiff's civil rights.

55.    As a direct result of said retaliatory actions of Defendant Steveson, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

## COUNT FOUR – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Plaintiff v. Defendant Steveson

56.    Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 52 as if same were fully set forth at length herein.

57.    The acts and conducts of Defendant Steveson as stated above were outrageous and with the intent to cause Plaintiff severe emotional distress.

58.    Defendant's conduct was intentional or reckless disregard of the harm to Plaintiff, which was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, to be regarded as atrocious, and utterly intolerable in a civilized society.

59.    As a direct and proximate result of the conducts of Defendant Steveson, Plaintiff has sustained severe mental anguish, emotional distress, and humiliation.

**VI.**          **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully demands judgment against Defendants, and request that this Honorable Court:

A.      Enter judgment against the Defendants for back pay, front pay, loss income, loss benefits, pre and post judgment interests, costs of suit, compensatory damages, punitive damages against Defendant Steveson, attorneys' fees and expert witness fees as permitted by law; and

B.      Award such other relief as the Court may deem necessary and just, including but not limited to an Order to make whole.

C.      Declaring that the acts and practices complained of herein violate Title VII of the Civil Rights Act protection against retaliation for protected activities based on race.

D.      Declaring that the acts and practices complained of herein violate Age Discrimination in Employment Act protection against retaliation for protected activities based on age.

E.      Declaring that the acts and practices complained of herein violate Title VII of the Civil Rights Act protection against retaliation for protected activities based on race.

F.      Enjoining and restraining the acts and practices complained of herein.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all questions of fact raised by this complaint.

ABIONA LAW PLLC

Olugbenga O. Abiona, Esquire
Attorney ID # 57026
P.O. Box 3326
Cherry Hill, NJ 08034
(215) 833-8227
Attorney for Plaintiff

Dated:  January 26, 2024



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Philadelphia District Office
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 12/07/2023

**To:** Lauren Y. Tucker
4442 N. 16th Street
Philadelphia, PA 19140

Charge No: 530-2024-01605
EEOC Representative and Phone:     Legal
Legal Unit
(267) 589-9707



---

### DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By: Karen McDonough
12/07/2023
Karen McDonough
Deputy District Director

**Cc:**
Lashawn Hand
City Of Philadelphia
1515 Arch St Suite 15
PHILA, PA 19102

Rakeisha  Stevenson
1401 JFK Boulevard 10th Floor
Philadelphia, PA 19102

Olugbenga O Abiona
ABIONA LAW PLLC
121 South Broad Street Suite 1200
Philadelphia, PA 19107


Please retain this notice for your records.



January 25th, 2024

To whom it may concern:

Effective today, January 25th, 2024, I, Lauren Yvette Tucker am resigning from my civil service position as Social Service Program Analyst with OHS and the City of Philadelphia.  I am resigning due to the ongoing harsh, retaliatory, micromanaging, threatening and harassing treatment I have experienced from OHS management, which began in February of 2023. Upon having to take a leave of absence in October 2023 due to toxic and hostile working conditions, for my physical as well as mental health,  I can no longer work under these extreme conditions.

Lauren Yvette Tucker