IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| LAUREN YVETTE TUCKER | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 24-0377 |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, *et al.*, | : | |
| *Defendants* | | |

**ORDER**

**AND NOW**, this 7th day of July 2025, upon consideration of Defendants' *motion for summary judgment*, (ECF 13), Plaintiff's response in opposition, (ECF 16), Defendants' reply, (ECF 17), and Plaintiff's sur-reply, (ECF 18), it is hereby **ORDERED** that Defendants' motion is **GRANTED**.[1]

---

[1] In this employment discrimination action, Plaintiff Lauren Yvette Tucker ("Plaintiff") asserts claims of retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), the Age Discrimination in Employment Act (the "ADEA"), as amended, 29 U.S.C. § 621, *et seq*. ("ADEA"), and 42 U.S.C. § 1981, against her former employer, Defendant City of Philadelphia (the "City"), and her former supervisor, Defendant Rakeisha Stevenson ("Defendant Stevenson") (collectively, "Defendants"). Plaintiff also asserts a state law claim for intentional infliction of emotional distress against Defendant Stevenson. Plaintiff's claims are premised on her contention that Defendants engaged in unlawful retaliatory conduct following her filing of a race and age discrimination complaint with the Equal Employment Opportunity Commission (the "EEOC"). Instantly, Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56.

*Standard of Review*

Rule 56 provides that a court shall grant summary judgment if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Eisai, Inc. v. Sanofi Aventis United States, LLC*, 821 F.3d 394, 402 (3d Cir. 2016). When considering a motion for summary judgment, a court should view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the plaintiff's favor. *Montgomery Cnty. ex rel. Becker v. MERSCORP, Inc.*, 16 F. Supp. 3d 535, 537 (E.D. Pa. 2014). The movant bears the burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . [,] the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court— that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that

party's case, and on which that party will bear the burden of proof at trial . . . [,] there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23); *see also In re Nat'l Pool Constr., Inc.*, 598 F. App'x 841, 845 (3d Cir. 2015).

"After the moving party has met its initial burden, summary judgment is appropriate if the non-moving party fails to rebut the moving party's claim by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials' that show a genuine issue of material fact or by 'showing that the materials cited do not establish the absence or presence of a genuine dispute.'" *Davis v. City of Phila.*, 2015 WL 4404871, at *2 (E.D. Pa. July 20, 2015) (quoting Fed. R. Civ. P. 56(c)). The non-moving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

### *McDonnell Douglas Burden-Shifting Framework*

At the summary judgment stage, this Court must evaluate Plaintiff's retaliation claims under the *McDonnell Douglas* burden-shifting framework. *See Moore v. City of Phila.*, 461 F.3d 331, 340–42 (3d Cir. 2006); *Lynch v. Su*, 2024 WL 263928, at *10 (E.D. Pa. Jan. 24, 2024) (applying burden-shifting framework to retaliation claims under Title VII and ADEA); *Wang v. Univ. of Pittsburgh*, 2025 WL 918689, at *9 (W.D. Pa. March 26, 2025) (applying *McDonnell Douglas* to retaliation claim under § 1981). Under this burden shifting framework, Plaintiff must first present evidence sufficient to make a *prima facie* showing that: (1) she engaged in activity protected by the relevant statute; (2) the employer took a materially adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action. *Moore*, 461 F.3d 331, 340–41. If Plaintiff makes this showing, the burden shifts to Defendants to advance a "legitimate, non-retaliatory reason" for its conduct. *Id.* at 342 (quotation omitted). If Defendants make such a showing, the burden shifts back to Plaintiff "to convince the factfinder both that the employer's proffered explanation was false, and that retaliation was the real reason for the adverse employment action." *Id.* (quotation omitted). "To survive a motion for summary judgment in the employer's favor, a plaintiff must produce some evidence from which a jury could reasonably reach these conclusions." *Id.*

Here, Defendants move for summary judgment on each of Plaintiff's retaliation claims arguing, *inter alia*, that Plaintiff has failed to meet her summary judgment burden of showing that the City's proffered non-discriminatory reasons for the purported materially adverse employment actions were mere pretext for discrimination. Because this Court agrees that Plaintiff has failed to meet her summary judgment burden with respect to pretext, it will limit its discussion to this step of the *McDonnell Douglas* framework.

Plaintiff maintains that Defendants engaged in the requisite materially adverse employment actions by sending her work-related emails while she was on approved leave, making unjustifiable demands and unattainable deadlines after other analysts had left the job, and making threats of disciplinary actions and verbal threats of job stability, all of which collectively caused Plaintiff to quit her job. (Pl.'s Opp., ECF 16, at p. 8). Though Defendants dispute that all of these actions occurred and/or constituted the requisite material adverse employment actions, they proffer that these alleged adverse employment actions were taken on account of Plaintiff's deficient job performance. Specifically, Defendants proffer evidence showing that Plaintiff was not performing her job duties effectively, which placed the funding for her unit at risk of being cut. This reason and evidence meet Defendants' "relatively light" burden of articulating

legitimate, nondiscriminatory reason(s) for Defendants' adverse actions. Thus, the burden shifts to Plaintiff to show pretext.

To meet her burden on pretext, Plaintiff must proffer evidence "from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Burton v. Teleflex Inc.*, 707 F.3d 417, 427 (3d Cir. 2013) (citations omitted). In other words, Plaintiff must "present evidence to meaningfully throw into question, i.e., to cast substantial doubt upon" Defendants' proffered reason(s) for the adverse employment actions or "come forward with sufficient evidence from which a factfinder could reasonably conclude that an illegitimate factor more likely than not was a motivating or determinative cause of the adverse employment decision." *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994). To do so, Plaintiff "must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder *could* rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Fuentes,* 32 F.3d at 765 (internal citations and quotation marks omitted).

Further, it is not enough that the employer's decision was wrong or mistaken; rather, a plaintiff must demonstrate that "the employer's articulated reason was . . . so plainly wrong that it cannot have been the employer's real reason." *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 413 (3d Cir. 1999) (quoting *Keller v. Orix Credit Alliance, Inc.*, 130 F.3d 1101, 1108–09 (3d Cir. 1997)) (internal quotation marks omitted). To meet this burden, a plaintiff must "present evidence contradicting the core facts put forth by . . . the employer, as the legitimate reasons for its decision." *Kautz v. Met-Pro Corp.*, 412 F.3d 463, 467 (3d Cir. 2005). A plaintiff must present evidence discrediting each of the defendant's explanations for the employment action. *Fuentes*, 32 F.3d at 764; *Scott v. Sunoco Logistics Partners, LP*, 918 F. Supp. 2d 344, 353 (E.D. Pa. 2013); *Tolan v. Temple Health Sys. Transp., Inc.*, 2013 WL 706049, at *7 (E.D. Pa. Feb. 26, 2013), *aff'd*, 557 F. App'x 132 (3d Cir. 2014).

Here, Plaintiff's entire response to Defendants' argument as to pretext is as follows:

> It has been held that if Defendant meets its burden of articulation, the Plaintiff must then produce, "evidence, direct or circumstantial, from which a fact finder could reasonably either (1) disbelieve the employer's articulated legitimate reason: or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative factor of the employer's action. *McDonnell Douglas*, 411 U.S. 792, at 801. *See also, Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994).

> Plaintiff asserts that Defendants have failed to articulate any non-retaliatory reason for the retaliatory harassment Plaintiff was subjected to by Defendants, and the constructive termination of her employment on January 25, 2024. Defendants simply assert that they did not subject Plaintiff to retaliatory harassment and hostile work environment. If the jury disbelieves Defendants' denial but find that Defendants subjected Plaintiff to retaliatory harassment and constructive termination, then Plaintiff would have met her burden to show pretext. This is a disputed fact for the jury to decide at trial.

3

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

(Pl.'s Opp., ECF 16, at p. 17). Notably, Plaintiff's response contains no citations to any record evidence whatsoever. At best, it constitutes Plaintiff's bare assertions and conclusory allegations, which, at the summary judgment stage, are insufficient to carry Plaintiff's burden. *See Fireman's Ins. Co. of Newark v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982) (holding that a plaintiff cannot overcome a motion for summary judgment by relying upon "bare assertions, conclusory allegations or suspicions."). Moreover, Plaintiff's bald contention that Defendants have failed to articulate any non-retaliatory reason for their actions is incorrect. As set forth above and at length in Defendants' motion, Defendants undertook the alleged materially adverse employment actions because of Plaintiff's deficient job performance. This proffer shifted the burden to Plaintiff to present ***evidence*** from which a reasonable factfinder could disbelieve Defendants' proffered reason(s) or believe that an invidious discriminatory reason was more likely than not a motivating or determinative factor for Defendants' actions. Plaintiff makes no attempt to meet this burden. As such, Defendants' motion for summary judgment is granted with respect to Plaintiff's retaliation claims.

Defendants also move for summary judgment on Plaintiff's retaliatory hostile work environment and intentional infliction of emotional distress claims. (Defs.' Mtn., ECF 13-2, at pp. 22-28). Plaintiff provides no arguments in response. By failing to respond, Plaintiff has failed to meet her summary judgment burden with respect to these claims. Accordingly, Defendants' motion for summary judgment is also granted as to these claims.